## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 09 2015, 6:17 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Nicholas William Laskarin,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

November 9, 2015

Court of Appeals Case No. 45A03-1504-CR-143

Appeal from the Lake Superior Court

The Honorable Salvador Vasquez, Judge

Trial Court Cause Nos.
45G01-1407-F3-1
45G01-1410-F3-14

**Brown, Judge.**

[1] Nicholas William Laskarin appeals his sentence for armed robbery and robbery as level 3 felonies. Laskarin raises one issue which we revise and restate as whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We affirm.

## Facts and Procedural History

[2] On July 7, 2014, Juan Barrientos went to a bank in Hammond, Lake County, Indiana, to withdraw money from an ATM. Soon after withdrawing $200, Barrientos was confronted by Laskarin, who pulled a gun and pointed it toward Barrientos's face and demanded that Barrientos give him money. Barrientos complied with Laskarin's demand because he was in fear for his life.

[3] On July 8, 2014, Laskarin entered a White Castle in Hammond, Lake County, Indiana, and while armed with a silver handgun demanded that Megan Rogers give him all the cash from the registers. Rogers gave Laskarin the money because she was in fear for her life.

[4] On July 12, 2014, the State charged Laskarin with two counts of armed robbery as level 3 felonies, one of which pertained to the robbery of Rogers while armed with a firearm, under cause number 45G01-1407-F3-1 ("Cause No. 1").[1] On October 24, 2014, the State charged Laskarin with the robbery of Barrientos as a level 3 felony under cause number 45G01-1410-F3-14 ("Cause No. 14"). The

---

[1] The other count alleged that Laskarin committed an armed robbery of Terri Sims on or about July 8, 2014.

State also charged Laskarin with attempted armed robbery as a level 3 felony under cause number 45G01-1410-F3-15 ("Cause No. 15").[2]

[5] Laskarin and the State entered into a Stipulated Plea and Agreement, a copy of which was filed with the court on February 19, 2015, pursuant to which Laskarin agreed to plead guilty to the charges of the armed robbery of Rogers as a level 3 felony under Cause No. 1 and the robbery of Barrientos as a level 3 felony under Cause No. 14, the State agreed to dismiss the remaining charge under Cause No. 1 and the charge under Cause No. 15, and the parties agreed that there would be a cap of seven years as to the sentence imposed for each count with the sentences to be served consecutively. A stipulated factual basis was attached to the plea agreement. The same day the court held a plea hearing, and Laskarin pled guilty pursuant to the agreement.

[6] On March 19, 2015, the court held a sentencing hearing during which Laskarin's counsel noted that the presentence investigation report ("PSI") stated that Laskarin has never had a problem with drugs, but that in fact he does have a significant problem with prescription drugs. Laskarin's girlfriend testified that she had been with him for about a year, that most of his problems stem from his alcohol addiction, and that he was about to be enrolled in a Fresh Start program when he was arrested. She testified that Laskarin has two children, ages three and six, and that he had custody of his six-year-old child.

---

[2] The record does not include the charging information under Cause No. 15.

When asked if anything significant happened in his life which may have contributed to his relationship with alcohol, she stated that he lost his first child's mother, that his mother committed suicide, and that he recently went through a somewhat bitter divorce from his second child's mother. When asked to explain his substance abuse issues, she testified that Laskarin had an injury while working construction, that he had been prescribed Vicodin and Xanax, and that he began abusing his medication.

Rogers testified that she has had many anxiety attacks due to the armed robbery, she had just turned eighteen years old at the time of the offense, she does not like to be out anymore, Laskarin's actions changed her life, she dreams about the incident, and that it was something she will never forget. The prosecutor read a statement submitted by Barrientos in which he said that Laskarin pointed a gun at his head, he started feeling anxious a few days after the attack, he had to make an appointment with his doctor, he believes that if Laskarin is free he will keep doing the same thing to other people, and that he believes Laskarin does not care about the lives of others.

Laskarin's counsel requested the court to consider a five-year sentence on each count to be split between the Department of Correction ("DOC") and community corrections. The prosecutor requested the court sentence Laskarin to six years on each count to be served in the DOC.

The court asked Laskarin if he wished to make a statement on his own behalf, and Laskarin stated that he would like to apologize to the victim personally, to

his family for placing the burden on his father for having to raise his child during his incarceration, and to the courts for wasting time on him.

[10] The court noted the impact of the crimes on the victims, that Laskarin had prior felony convictions and pending felony charges, and that he received a favorable plea agreement in light of the maximum possible sentences. The court stated "you may have a drug habit but you failed to take advantage of program or opportunity where people try to help you out, yet you come in here saying well, the presentence report's incorrect." Sentencing Transcript at 23. The court also said that it thought Laskarin had a significant alcohol problem but not so much that he should be placed in community corrections for two armed robberies, and noted that alternative placement was not appropriate as he had prior felony convictions and pending felony charges and was on probation.

[11] With respect to mitigating circumstances, the court found that Laskarin pled guilty and admitted responsibility and that minimal weight was given to this factor since other robbery charges were dismissed as a result of the plea agreement. With respect to aggravating circumstances, the court found that Laskarin was on probation at the time the offenses occurred, that Laskarin has a history of criminal convictions which included felony convictions, and that Laskarin has many open cases. The court sentenced Laskarin to five years in the DOC for each of his convictions and ordered that the sentences be served consecutively for an aggregate sentence of ten years in the DOC, with a recommendation that he be placed in a therapeutic community.

## *Discussion*

[12] The issue is whether Laskarin's sentence is inappropriate in light of the nature of the offenses and the character of the offender. Indiana Appellate Rule 7(B) provides that this court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[13] Laskarin's arguments with respect to his character are that he is a single father of a six-year-old child, his child's mother passed away as a result of an overdose, he lost his mother to suicide, he expressed remorse and apologized, and he has been employed in construction and upon release will be able to obtain employment as a laborer for a construction company. He states that he has some substance abuse issues which led to previous contacts with the criminal justice system, for the most part his prior convictions and pending cases are for alcohol-related traffic offenses, he has admitted to a problem with prescription drugs that arose from treatment for work injuries, and that he had scheduled an appointment with Fresh Start for treatment but was unable to attend because he was arrested. With respect to the nature of the offenses, Laskarin argues that he did not fire the weapon and did not physically harm the individuals. He requests this court to reduce his sentence or order that his sentence be split and a portion be served in a community transition program.

[14] The State notes that the sentencing parameters for a level 3 felony are three to sixteen years with an advisory sentence of nine years, that the plea agreement capped Laskarin's sentence at seven years on each count, and that the ten-year sentence is four years below the maximum under the agreement. The State also points to his lengthy criminal history and pending charges.

[15] Our review of the nature of the offenses reveal that in July 2014 Laskarin confronted Barrientos after he withdrew money from an ATM, pointed a gun at his face, and demanded money, and that Barrientos complied because he was in fear for his life. The next day and while armed with a handgun, Laskarin demanded that Rogers give him all the cash from the registers at a White Castle, and Rogers complied because she was in fear for her life. Rogers testified that the robbery changed her life, that she dreams about the incident and it is something she will never forget, and that she has had many anxiety attacks due to Laskarin's actions. Barrientos has also been seriously impacted.

[16] Our review of the character of the offender reveals that, according to the PSI, Laskarin's juvenile history included charges for operating while intoxicated endangering a person, illegal consumption of alcohol, and knowingly or intentionally operating a motor vehicle without ever receiving a license. Laskarin's convictions as an adult include reckless driving in 2008; operating while intoxicated in 2011; domestic battery in 2011; no license in possession in 2012; and operating vehicle while intoxicated with passenger under eighteen years of age as a class D felony in 2013. Laskarin had pending charges under several cause numbers, including charges for operating a vehicle while

intoxicated, domestic battery as a class D felony, interference with reporting a crime as a class A misdemeanor, failure to return to the scene of an accident resulting in damage, and disorderly conduct, and was on probation at the time of the offenses.

[17] The PSI notes Laskarin's report that his mother committed suicide in 2012, that his wife was twice the victim of his domestic batteries, he reported that he is able to obtain employment as a laborer for a construction company, he had scheduled an appointment with Fresh Start for an assessment but did not have the necessary funds, and that he first consumed alcohol at age sixteen and by age twenty-five would consume alcohol to the point of intoxication about three times per week. The court heard testimony from Laskarin's girlfriend regarding his alcohol and drug use and his children and family, and heard his apology. The sentencing transcript reveals that the trial court took into consideration Laskarin's alcohol and drug use, his criminal history and pending charges, the favorable terms of his plea agreement, and the nature of the robbery offenses.

[18] After due consideration, we conclude that Laskarin has not sustained his burden of establishing that his aggregate sentence of ten years to be served in the DOC is inappropriate in light of the nature of the offenses and his character.

## Conclusion

[19] For the foregoing reasons, we affirm Laskarin's aggregate sentence of ten years for armed robbery and robbery as level 3 felonies.

[20] Affirmed.

Riley, J., and Altice, J., concur.